FILED

2026 May-28  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WILLIAM JENKINS**, *as the Administrator of the Estate of Carl Grant*, | } } } } | |
| **Plaintiff,** | } } | **Case No. 2:26-cv-116-ACA** |
| **v.** | } } } | |
| **VINCENT LARRY, et al.,** | } | |
| **Defendants.** | | |

### <u>MEMORANDUM OPINION</u>

In February 2020, Carl Grant, suffering from dementia, mistakenly drove two hours from Conyers, Georgia to Birmingham, Alabama when trying to return home from the grocery store. Believing he was home, Mr. Grant tried to enter two different residences. Because the homes' occupants did not know Mr. Grant, they called the police. At the scene and later at a hospital, Birmingham police officers, including Defendant Vincent Larry, repeatedly slammed Mr. Grant into the ground, leaving him paralyzed and causing his death.

In July 2022, Plaintiff William Jenkins, as the administrator of Mr. Grant's estate, sued Officer Larry, Defendant City of Birmingham, and other defendants in the Circuit Court of Jefferson County, Alabama. After receiving unfavorable rulings, Mr. Jenkins filed this action in January 2026, asserting new federal claims not raised

1

in the state court action and including some state law claims already adjudicated. Both the City and Officer Larry move to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 6, 8).

Because Mr. Jenkins's the statute of limitations and res judicata bar the claims, the court **WILL GRANT** the City's and Officer Larry's motions. (Docs. 6, 8). The court **WILL DISMISS** all claims against the City and Officer Larry **WITH PREJUDICE**.

## I.    BACKGROUND

In February 2020, Mr. Grant left his home in Conyers, Georgia and drove to the store. (Doc. 1 ¶¶ 22–23). When returning home, Mr. Grant—who suffered from dementia—mistakenly drove two hours west to Birmingham, Alabama. (*Id.* ¶ 24). Believing he had arrived home, Mr. Grant attempted to enter multiple homes. (*Id.* ¶¶ 25–26). When the residents did not recognize Mr. Grant, they called the police. (*Id.* ¶ 27). After arriving, the officers, including Officer Larry, detained Mr. Grant. (Doc. 1 ¶¶ 28–30). While doing so, the officers slammed him into the ground, causing lacerations on Mr. Grant's face. (*Id.* ¶¶ 31–32). The officers then took Mr. Grant to the University of Alabama-Birmingham hospital for treatment. (*Id.* ¶¶ 33–34).

At the hospital, Mr. Grant, who was handcuffed, asked to use the restroom. (*Id.* ¶¶ 35, 37). While walking Mr. Grant to the restroom, Officer Larry grabbed

Mr. Grant and slammed him into the floor. (Doc. 1 ¶ 40). Officer Larry's conduct left Mr. Grant paralyzed. (*Id.* ¶¶ 42, 47–49, 52). After requiring around-the-clock medical care for several months for his injuries, Mr. Grant passed away in July 2020. (*Id.* ¶¶ 52, 54, 58). Authorities ruled Mr. Grant's death as a homicide. (*Id.* ¶ 60).

In July 2022, Mr. Jenkins filed suit in the Circuit Court of Jefferson County, Alabama. (Doc. 1 ¶ 96). Based on essentially the same facts as this lawsuit, Mr. Jenkins asserted several state law claims against various defendants. (*See* doc. 6-1).[1] In December 2024, the Alabama Supreme Court dismissed Mr. Jenkins's appeal because he did not timely file a notice of appeal from the lower court's final judgment. (Doc. 6-2).

## II.    DISCUSSION

Mr. Jenkins asserts several state and federal claims against the City and Officer Larry. (*See generally* doc. 1). Both defendants move to dismiss all claims based on res judicata, the *Rooker-Feldman* doctrine, and the applicable statute of limitations. (Docs. 6, 8). Because the court concludes the statute of limitations bars the federal claims and res judicata bars the state claims, the court does not address the other arguments.

---

[1] The court may take judicial notice of state court documents. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020).

### 1. Federal Claims

Mr. Jenkins brings five federal claims against the City and Officer Larry under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Doc. 1 ¶¶ 128–181). In Alabama, claims under §§ 1983 and 1985 have a two-year statute of limitations. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008); *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). A claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Rozar*, 85 F.3d at 561–62 (quotation marks omitted).

Here, the claims accrued in 2020 when the defendants allegedly used excessive force against Mr. Grant, conspired to cover up the assault, and failed to investigate Mr. Grant's death. (*See, e.g.*, doc. 1 ¶¶ 22, 52, 58, 134). So the statute of limitations for the federal claims expired in 2022. *See McNair*, 515 F.3d at 1173; *Rozar*, 85 F.3d at 561. But Mr. Jenkins waited until 2026 to pursue these claims; the statute of limitations bars the claims.

Mr. Jenkins does not argue his federal claims are timely. (Doc. 16 at 8–9). Instead, he maintains that equitable tolling applies because the Circuit Court of Jefferson County, Alabama committed "procedural errors." (*Id.*). The court disagrees. Equitable tolling applies "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."

*Fedance v. Harris*, 1 F.4th 1278, 1284 (11th Cir. 2021). Because Mr. Jenkins cannot show that he diligently pursued his rights, he is not entitled to equitable tolling.

In July 2022, Mr. Jenkins filed his state court complaint, which contains the same key factual allegations. (*Compare* doc. 1, *with* doc. 6-1). So, Mr. Jenkins could have asserted his federal claims at that time, but he opted to assert only state law claims. Mr. Jenkins does not argue that he tried to amend his complaint within the statute of limitations to add any federal claims. (*See* doc. 16 at 8–9). Nor did he raise the federal claims any time before January 2026. Although Mr. Jenkins blames his failure to assert the federal claims on alleged procedural errors by the state court, those alleged errors did not occur until February 2023, well after the statute of limitations for his claims expired. *See McNair*, 515 F.3d at 1173; *Rozar*, 85 F.3d at 561.

Mr. Jenkins asserted only state law causes of action in July 2022 and cannot now second guess that decision because he received unfavorable decisions in state court. The statute of limitations on the federal claims has run. The court therefore **WILL GRANT** the City's and Officer Larry's motions to dismiss those claims.

### 2. State Claims

The City and Officer Larry argue Mr. Jenkins's two state law claims are barred by res judicata. (Doc. 6 at 4–8; doc. 8 at 4–5). When considering the preclusive effect of a state court judgment, the court "must apply the res judicata principles of the law

of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006). Under Alabama law, the elements of res judicata are "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007). "If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation." *Id.*

In this case, the parties dispute only the first element: whether the state court judgment was "on the merits." (Doc. 6 at 5–6; doc. 8 at 4–5; doc. 16 at 5–6). Mr. Jenkins contends that the state court dismissed the claims based on Alabama's notice of claim statute, which is not an adjudication on the merits. (Doc. 16 at 5–6). The court disagrees. Like a statute of limitations, Alabama's notice of claim statute prevents a plaintiff from asserting a claim if he fails to provide notice to a municipality within a prescribed period. *See* Ala. Code § 11-47-192. And under Alabama law, "a judgment based on the statute of limitations is a judgment on the merits." *McGilvray v. Perkins*, 407 So. 3d 283, 289 (Ala. 2024). Accordingly, the adjudication was on the merits. *See id.*

Mr. Jenkins also argues that the notice of claim statute applies only to municipalities, so the state court could not have dismissed the claims against Officer

6

Larry based on the statute. (Doc. 16 at 5–6). Mr. Jenkins's argument essentially asks this court to act as an appellate court over the state trial court, but the proper inquiry is whether the state court adjudicated the claim—not whether that adjudication reached the correct outcome. *See Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196, 1203 (Ala. 2002) ("[A] dismissal with prejudice is an adjudication on the merits.") (quotation marks omitted).

Although the parties contest only the first element, in the interest of completeness, the court considers the remaining three elements. The Circuit Court of Jefferson County, Alabama was a court of competent jurisdiction because Mr. Jenkins does not contend that it lacked personal, subject matter jurisdiction, or due process of law. *See McGilvray*, 407 So. 3d at 289; *Neal v. Neal*, 856 So. 2d 766, 779 (Ala. 2002). The third element is also met because the parties are substantially identical: Mr. Jenkins named both the City and Officer Larry in the state court action. *See id.* at 290; (doc. 6-1 at 1). And the fourth element is met because the underlying facts are essentially identical, and Mr. Jenkins asserted the same state law claims in his federal complaint in his state court action. *See McGilvray*, 407 So. 3d at 290; (*see* doc. 1 ¶¶ 181–99; doc. 6-1 ¶¶ 117–24; doc. 6-2). Accordingly, res judicata bars the state law claims, and the court **WILL GRANT** the City's and Officer Larry's motions to dismiss those claims.

### III.   CONCLUSION

For the reasons above, the court **WILL GRANT** the City's and Officer Larry's motions. (Doc. 6; doc. 8). The court **WILL DISMISS** all claims against the City and Officer Larry **WITH PREJUDICE**.

**DONE** and **ORDERED** this May 28, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE